KAUS, P. J., Concurring and Dissenting.
I concur in the court’s holding as far as the home health aide program is concerned. I merely add that even if the respondent’s argument that the word “it” in section 29023, subdivision (c) refers to the Department of Health is correct, the same result would be compelled. While that department does not license individuals, it does control home health agencies. (Health & Saf. Code, § 1725 et seq.) It therefore accredits, approves or licenses the “vocation or occupation.”
*334 I do believe, however, that the majority errs as far as the respiratory therapy technician (RTT) and operating room technician (ORT) programs are concerned. Nevertheless I feel bound to state that inasmuch as our disagreement results from different interpretations of sections of the Education Code, it would neither surprise nor chagrin me if I am wrong.[1]
Since my solution closely parallels that of respondent’s brief, I shall only state it in outline fashion.
Concededly University is what the parties call an “(a)(3)” school. This entitles University to confer degrees in “academic, technological, or professional” fields. Section 29023, subdivision (a)(3), however, does not authorize the teaching of the courses which lead to the degrees. It is therefore immaterial whether the RTT and ORT programs are academic, technological, or professional. Authority to teach them cannot be found in section 29023, subdivision (a)(3).
Section 29025 prohibits the teaching of courses leading to an “educational, technological, professional or vocational objective” unless approval has been obtained by the Superintendent of Public Instruction. Concededly no such approval has been obtained. That really should be the end of the matter, whether the two programs are vocational, as respondent claims, or educational, technological or professional, as appellant asserts.[2]
The only reason why it is important to determine whether or not the two programs in question are vocational is that respondent’s entire theory for the issuance of an injunction against the teaching of these courses is based on the theory that they are vocational. Reading between the lines of respondent’s brief, I gather that this narrow approach is mandated by an administrative interpretation of section 29025, which *335 does not square with respondent’s counsel’s basic theory concerning the actual meaning of that section—a theory with which I happen to [3]
I therefore reach the same question as the majority, albeit by a different route: Are the RTT and ORT programs vocational? Personally I think we should take judicial notice that they are. True, the record indicates that there are technological, academic, educational and even professional or at least semi-professional aspects to those courses. Nevertheless, the fact that a course may be academic, technological, professional or educational does not mean that it is not vocational. The concepts are not antagonistic. As I see it, therefore, there is nothing to try. Even if appellant proves everything it hopes to prove, it cannot turn vocations into something else.[4]
I would therefore affirm the preliminary injunction and the judgment as far as the RTT and ORT programs are concerned.
Petitions for a rehearing were denied July 25, 1977. Kaus, P. J., was of the opinion that the petitions should be granted. Petitions of both parties for a hearing by the Supreme Court were denied September 8, 1977. Manuel, J., did not participate therein.

Many cases, too sad to recall in detail, have convinced me that large parts of the Education Code are not meant to be understood. Perhaps, if one knew precisely to what evils the Legislature addressed itself, and if one were thoroughly familiar with the historical context in which certain sections of the code were enacted, and if one further knew the contemporary pressures on the Legislature, some of the difficulties might go away. My problem in this, as well as in other cases involving the Education Code, is simply that .we know nothing of these matters and really have no way of finding out.

One of the many mysteries of the Education Code sections involved in this case is whether the words “academic, technological, or professional” in section 29023 are intended to cover the same ground as the words “educational, technological, [or] professional” in section 29025.

Respondent’s brief contains the following apologetic: “At this point the question that suggests itself is, why does the Superintendent retain control over vocational courses and not academic, technological and professional courses? The reason' is apparent upon reflection. Academic, professional, and technological courses all concern theoretical and abstract study. In order to ascertain the relative value of a degree in abstract study, one must look directly to the institution. This is because there are many different methods of teaching these abstract courses. Some institutions are more noted for their proficiency in teaching a particular abstract course than others. Thus, the prospective employer automatically looks behind a degree to the institution in order to determine its worth.”
Judged only from its four corners, that argument self-destructs. The idea that all technological or professional courses are “abstract” is too absurd to require refutation.

It will be noted that I reach my conclusion without reference to the definition of “vocational objective” in section 18841, subdivision (i) of title 5 of the California Administrative Code. While, in the main, I disagree with appellant’s constitutional attack on that definition, it is clear that the entire subchapter in which it appears shows its ancestry—the Education Code. What is more, it is not even geared to the current version of that code.